IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN TAYLOR,

    Plaintiff,                                    CV F 07 0434 OWW WMW PC

    vs.                                             ORDER GRANTING LEAVE TO
FILE AN AMENDED COMPLAINT

                                                  (THIRTY DAY DEADLINE)

E. ALLISON,

    Defendant.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California Correctional Institution Tehachapi, brings this civil rights action against defendant E. Allison, a Correctional Officer employed by CDCR at Tehachapi.

      Plaintiff alleges that Allison intentionally disseminated information to other inmates regarding Plaintiff's conviction offense. Plaintiff claims that Allison did this intentionally. Specifically, Plaintiff alleges that he did this in retaliation for Plaintiff's request that a snitch be moved to another unit. Plaintiff sets forth claims of retaliation and a violation of the Equal

1

Protection clause.

The court finds that Plaintiff has stated a claim for relief against Defendant Allison on his retaliation claim.

As to Plaintiff's equal protection claim, an equal protection violation does not occur unless the government treats someone differently than another who is similarly situated. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995)(equal protection violation requires showing of unequal treatment of persons similarly situated). Plaintiff does not allege that he was treated differently from any similarly situated person. Therefore, this claim must be dismissed.

Plaintiff will be granted leave to file an amended complaint. Should Plaintiff fail to do so, this action will proceed on the original complaint against Defendant Allison on Plaintiff's retaliation claim. The court will send to Plaintiff the forms for service of process on Defendant Alliso, and the court will recommend dismissal of the equal protection claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:     June 30, 2008**               /s/  **William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE